**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

IN RE:                                )
                                      ) Chapter 13
HOLLY L. CLARK                        )
         Debtor                       ) Bk. Case No: 14-12280

## FIRST AMENDED CHAPTER 13 PLAN

NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1.

The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer shall pay to the trustee the sum of $50.00 (monthly) for 28 months. Debtor has paid a total of $1956.00 in the first eight payments under the Plan.

From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

    1. Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507.

        (A) Debtor's Counsel Fees: $3,000.00, including $1,000 to file adversary proceeding to strip off second mortgage.
        (B) Priority Taxes _NONE   (specify tax and tax year due)
        (C) Other Priority or Administrative Expenses - NONE

    2. Subsequent to dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

        (A) Long term or mortgage debt -PRE-PETITION ARREARAGE ONLY, to be paid to Nationstar Mortgage $0.00 (total amount of pre-petition arrears for the real property located at 127 Landing Road, Rehoboth Beach, DE 19971.  Debtor shall continue to make regular post-payments directly to Nationstar Mortgage. This Section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b) and the parties shall be so governed.

        (B) Mortgage debt: Debtor will file an adversary proceeding to void the second mortgage held by CCO Mortgage Corp. on her home at 127 Landing Road, Rehoboth Beach, DE 19971, pursuant to 11 USC §1322(b)(2).

        (C) Secured Vehicle debt -  NONE

        (D) Other secured debt: NONE

    3. Surrender - NONE

    4. Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

        General unsecured creditors will be paid
        [ ] a dividend of 100% of their  allowed claim or

[  ] a pro rata dividend of 1. _____ BIOC or
2. _____Disp. Income x 60 months as calculated under Section 1325(b), or
[ X ] a pro-rata dividend, if any.

5. The following leases or executory contracts of the debtor will be treated as follows: NONE

6. Except for undistributed plan payments held by the Trustee, title to Debtor's property shall revest in the Debtor on confirmation of the Plan. Upon conversion of this case to Chapter 7, or dismissal, the Trustee is authorized to disburse undistributed plan payments to allowed claimants in accordance with this Plan.

7. Other special provisions of the Plan: NONE

8. A proof of claim must be filed in order to share in distributions under the plan. A proof of claim may be filed either electronically or as paper. To file an electronic claim, go to the United States Bankruptcy Court, District of Delaware website (http://www.deb.uscourts.gov) and click on the Programs & Services tab, then select Filing a Claim. Click on "Submit a Proof of Claim" link and follow the instructions. Once the necessary information is entered the form will be automatically generated. To obtain a claim form to file a paper claim, go the United States Bankruptcy Court, District of Delaware website (http://web.deb.uscourts.gov) and click on the Forms tab. Select All Forms from the drop down menu, then select B10-Proof of Claim. Completed paper claims should be delivered or mailed to United States Bankruptcy Court, Attn: Claims, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

 /s/ Holly L. Clark                                         July 8, 2015
Debtor's Signature                                          Date


 /s/ James C. Reed                                          July 8 2015
Attorney for Debtor                                         Date

# CHAPTER 13 PLAN ANALYSIS

**Debtor:  Holly L. Clark**                                     **Date: July 8, 2015**

**Case #14-12280**

Prior Bankruptcy (  )          Chapter 13 (  )           Trustee Use:
                                                          Estimated Length of Plan:
                                                          341 Meeting Date:
                                                          Continued:
                                                          Confirmed Date:

TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES

A. Total Priority Claims (Class One)
    1. Unpaid Attorney's Fees                        $3000.00
    2. Taxes                                         $0
    3. Other                                         $0
B. Total of Payments to Cure Defaults (Class Two)        $0
C. Total of Payment to Secured Claims (Class Three)      $0
D. Total of Payments on Unsecured Claims (Class Four)    $0
E. Sub-total                                             $3000.00
F. Total Trustee's Compensation (10% of debtors' payments)  $333.33
G. Total Debts and Administrative Expenses               $3333.33

## RECONCILIATION WITH CHAPTER 7

H. Interest of Class Four Creditors If Chapter 7 Filed
   1.   Value of debtor's interest in non-exempt property        $0
   2.   Plus: Value of Property Recoverable Under Avoiding Powers   $0
   3.   Less: Estimated Chapter 7 Administrative Expenses        $80
   4.   Less: Amounts Payable to Priority Creditors other
       than costs of administration                             $0
   5.   Equal: Estimated Amount Payable to Class Four
       Creditors if Chapter 7 Filed (if negative, enter 0)     $0
I. Estimated Dividend for class four under Chapter 7     $0
J. Estimated Dividend for class four under plan          $0


  /s/ Holly L. Clark
Debtor


  /s/ James C. Reed                                     July 8, 2015
Attorney for Debtor                                       Date