# EXHIBIT A

Tax Parcel No.: 3-34 12.00 450.00

This Document Prepared By:
Azra Habibic
NATIONSTAR MORTGAGE LLC
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019

After Recording Return To:
NATIONSTAR MORTGAGE LLC
8950 CYPRESS WATERS BLVD
COPPELL, TX 75019

_____ [Space Above This Line For Recording Data] _____

Original Recording Date: March 12, 2007  
Original Loan Amount: $248,000.00  
New Money: $8,200.76  

Loan No:  
Investor Loan No:  
MIN Number:

## LOAN MODIFICATION AGREEMENT
(Providing For Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 3rd day of June, 2015, between HOLLY CLARK ("Borrower") and NATIONSTAR MORTGAGE LLC, whose address is 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019 ("Lender"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS, ("Mortgagee"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated February 27, 2007 and recorded in Book/Liber 09459, Page 00071, Instrument No: 000012057, of the Official Records (Name of Records) of SUSSEX County, DE (County and State, or other Jurisdiction) and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at
127 LANDING DRIVE, REHOBOTH BEACH, DE 19971,
(Property Address)
the real property described being set forth as follows:
See Exhibit "A" attached hereto and made a part hereof;






In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of June 1, 2015, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $223,229.53, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.125%, from June 1, 2015. Borrower promises to make monthly payments of principal and interest of U.S. $950.30, beginning on the 1st day of July, 2015, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 4.125% will remain in effect until principal and interest are paid in full. If, on June 1, 2055 (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

    (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument

 



shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. MERS is the Mortgagee, of record under the Security Instrument and this Agreement. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(g) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging ( ).

6. In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

7. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's




Case 14-12280-BLS    Doc 49-2    Filed 02/17/17    Page 5 of 10

obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

8. This Agreement modifies an obligation secured by an existing security instrument recorded in SUSSEX County, DE, upon which all recordation taxes have been paid. As of the date of this agreement, the unpaid principal balance of the original obligation secured by the existing security instrument is $217,020.77. The principal balance secured by the existing security instrument as a result of this Agreement is $223,229.53, which amount represents the excess of the unpaid principal balance of this original obligation.

In Witness Whereof, the Lender and I have executed this Agreement.

_____ (Seal)
HOLLY CLARK -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of Delaware
County of ~~Delaware~~ Sussex

This instrument was acknowledged before me, Notary Public on ___July 6th 2015___ by HOLLY CLARK.

_____
Signature of Notarial Officer

Personal Banker
Title of Rank

My Commission expires: January 3, 2017

LIZHARELY LUNA
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires January 3, 2017




NATIONSTAR MORTGAGE LLC

By: _____ (Seal) - Lender
Name: Azra Habibila
Title: Assistant Secretary

Date of Lender's Signature: 7/13/15

_____ [Space Below This Line For Acknowledgments] _____

The State of TX
County of Dallas

Before me _____ Justin T. Gfeller _____ /Notary Public (name/title of officer) on this day personally appeared _____ Azra Habibila _____, the Assistant Secretary of Nationstar Mortgage LLC, known to me (or proved to me on the oath of _____ or through _____ (description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 13th day of July, A.D., 2015



Signature of Officer

Notary Public
Title of Officer

My Commission expires: 3/31/19



JUSTIN T. GFELLER
Notary Public, State of Texas
My Commission Expires
March 31, 2019

_____/s/ Azra Habibija_____ 7/12/15
Mortgage Electronic Registration Systems, Inc - Nominee for Lender
Title: Assistant Secretary

_____ (Space Below This Line For Acknowledgments) _____

The State of TX
County of Dallas

Before me _____ Justin T. Gfeller _____ /Notary Public (name/title of officer) on this day personally appeared _____ Azra Habibija _____, the Assistant Secretary of Mortgage Electronic Registration Systems, Inc., known to me (or proved to me on the oath of _____ or through _____ (description of identity card or other document)) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 13th day of July , A.D., 2015

_____/s/_____
Signature of Officer

Notary Public
Title of Officer

My Commission expires: 3/31/19


JUSTIN T. GFELLER
Notary Public, State of Texas
My Commission Expires
March 31, 2019



## Exhibit "A"

Loan Number:

Property Address: 127 LANDING DRIVE, REHOBOTH BEACH, DE 18971

Legal Description:
ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND SITUATE, LYING AND BEING IN LEWES AND REHOBOTH HUNDRED, SUSSEX COUNTY, STATE OF DELAWARE, BEING KNOWN AND DESIGNATED AS LOT 75, AS SHOWN ON THE PLOT OF THE LANDING AS SURVEYED BY COAST SURVEY, INC. REGISTERED SURVEYOR FILED FOR RECORD IN THE OFFICE OF THE RECORDER OF DEEDS, IN AND FOR SUSSEX COUNTY, GEORGETOWN, DELAWARE IN PLOT BOOK 33, PAGE 11 ON THE 18TH DAY OF AUGUST, 1985, REFERENCE THERETO BEING AND WILL MORE FULLY AND AT LARGE APPEAR.



