UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>HOLLY L. CLARK,<br>        Debtor.<br><br>* * * * * * * *<br><br>NATIONSTAR MORTGAGE LLC,<br><br>        Movant,<br><br>vs.<br><br>HOLLY L. CLARK,<br>        Respondent. | CASE NO. 14-12280-BLS<br><br>CHAPTER 13<br><br><br><br><br><br>Objections due by: March 20, 2017<br><br>Hearing Date: March 28, 2017 at 10:00 AM |

**ORDER TERMINATING AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE WITH RESPECT TO REAL PROPERTY LOCATED AT 127 LANDING DRIVE, REHOBOTH BEACH, DE 19971**

AND NOW, this 28th day of March 2017, upon consideration of the Motion for Relief from Automatic Stay filed by Nationstar Mortgage LLC (hereinafter "Movant"), and any response filed thereto, and the Court having determined that (a) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue is proper pursuant to 28 U.S.C. § 1409(a); and the Court having further determined that the Debtors' interest in the real property and improvements thereon located at 127 Landing Drive, Rehoboth Beach, DE 19971 (hereinafter the "Property"), is not necessary to an effective reorganization; and the Court having further determined that cause exists to grant Movant relief from the automatic stay as to the Property because Movant's interest in the Property is not adequately protected, and the Debtor has materially breached the Chapter 13 Plan; it is hereby ORDERED that:

1.  The Motion be, and the same is hereby GRANTED.

2.  Movant is granted relief from the automatic stay pursuant to 11 U.S.C. § 362, and the automatic stay is terminated, with respect to Movant's interest in the Property. Movant is

hereby permitted to exercise its rights under applicable non-bankruptcy law against the Property, including, but not limited to, foreclosure of any Mortgage or other security instrument relating to the Property.

3. All communications sent by Movant in connection with proceeding against the Property including, but not limited to, notices required by state law and communications to offer and provide information with regard potential loss mitigation options pursuant to applicable non-bankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales and/or any other potential loan workouts or loss mitigation agreements, may be sent directly to the Debtors.

4. This Order is immediately effective and is not stayed by operation of law, notwithstanding the stay provisions of Fed. R. Bankr. P. 4001(a)(3).

5. This grant of relief from stay shall remain in full force and effect, notwithstanding any subsequent conversion of this case to another chapter.

Date: 3/28/17

BRENDAN LINEHAN SHANNON
U.S. Bankruptcy Court Judge